Matter of Marks v City of New York (2025 NY Slip Op 00023)

Matter of Marks v City of New York

2025 NY Slip Op 00023

Decided on January 02, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 02, 2025

Before: Kern, J.P., Kennedy, Gesmer, Higgitt, Michael, JJ. 

Index No. 158886/21 Appeal No. 3386 Case No. 2022-05171 

[*1]In the Matter of Ernesto Marks, Petitioner,
v
City of New York, et al., Respondents.

Law Office of John A. Scola, PLLC, New York (John A. Scola of counsel), for petitioner.
Muriel Goode-Trufant, Corporation Counsel, New York (Tahirih M. Sadrieh of counsel), for respondents.

Determination of respondent Police Commissioner, dated May 28, 2021, which, after a hearing, terminated petitioner's employment with the New York City Police Department (NYPD), unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order, Supreme Court, New York County [William Perry, J.], entered September 26, 2022) dismissed, without costs.
Substantial evidence supports the finding that petitioner is guilty of seven disciplinary charges against him, including that he engaged in a physical altercation with his former girlfriend, left the scene, violated an order of protection, knowingly associated with an individual believed to be engaged in criminal activities in contravention of a direct order, made a misleading statement during an official NYPD interview, and conducted personal inquiries on an NYPD computer (see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 181-182 [1978]). The Hearing Officer was entitled to find that petitioner's alibi evidence lacked credibility (see Matter of Nelke v Department of Motor Vehs. of the State of N.Y., 79 AD3d 433, 434 [1st Dept 2010]). The dismissal of criminal charges against petitioner related to the altercation and the violation of the order of protection does not undermine NYPD's determination, since "NYPD can impose discipline for a broad range of conduct . . . even if that conduct is not criminal" (Matter of Joseph v Sewell, 227 AD3d 616, 617 [1st Dept 2024] [internal quotation mark omitted]).
This Court has no discretionary authority to review petitioner's unpreserved challenges to the admission of sealed arrest records at the hearing, NYPD's reliance on Civil Service Law § 75, or the reliability of the hearing transcript (see Matter of Khan v New York State Dept. of Health, 96 NY2d 879, 880 [2001]; see also Matter of 333 E. 49th Partnership, LP v New York State Div. of Hous. & Community Renewal, 165 AD3d 93, 99 [1st Dept 2018], lv denied 33 NY3d 908 [2019]).
We have considered and rejected petitioner's remaining due process challenges to the evidentiary hearing, at which he was represented by counsel (see Matter of Castillo v Shea, 226 AD3d 531, 531 [1st Dept 2024]).
The penalty of termination is not disproportionate to the severity of petitioner's conduct, particularly in light of his disciplinary history (see e.g. Matter of Joseph, 227 AD3d at 617; Matter of Castillo, 226 AD3d at 531).
We have considered petitioner's additional arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 2, 2025